Arnold MARSHEL, Plaintiff-Appellant,

v.

AFW FABRIC CORP. et al.,
Defendants-Appellees.

Barry L. SWIFT, Plaintiff-Appellant,

v.

CONCORD FABRICS INC. et al.,
Defendants-Appellees.

No. 239, Docket 75-7404.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 22, 1977.

Decided March 17, 1977.

Martin A. Coleman, New York City (Rubin, Baum, Levin, Constant & Friedman, New York City, of counsel), for appellant Marshel.

Burton L. Knapp, New York City (Lipper, Lowery & Dannenberg, New York City, of counsel), for appellant Swift.

Sidney J. Silberman, New York City (Milton Sherman, Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel), for appellee Concord Fabrics Inc.

Kurt J. Wolff, New York City (Daniel Wallen, Otterbourg, Steindler, Houston & Rosen, P. C., New York City, of counsel), for appellees AFW Fabric Corp., Alvin Weinstein and Frank Weinstein.

Before SMITH, HAYS and MESKILL, Circuit Judges.*

PER CURIAM:

This case, remanded to this Court by the Supreme Court of the United States, turns on one of the most debated questions in the securities field, whether or not a "going-private" transaction gives rise to a federal cause of action. We vacate the order of the

---

* Because of the illness of Judge Hays, this appeal is being determined, pursuant to § 0.14 of the Rules of this Court, by Judges Smith and Meskill, who are in agreement. Judge Hays heard argument on September 4, 1975, and authored the original panel opinion of February 13, 1976, 533 F.2d 1277 (2d Cir.), *reh. denied*, 533 F.2d 1309, *vacated*, 429 U.S. 881, 97 S.Ct. 228, 50 L.Ed.2d 162 (1976).

district court, and remand the case with instructions to dismiss the prayer for injunctive relief as moot, and to await the imminent resolution of this issue by the Supreme Court.

The prior history of this litigation is contained in our opinion reported at 533 F.2d 1277 (2d Cir.), *vacated,* 429 U.S. 881, 97 S.Ct. 228, 50 L.Ed.2d 162 (1976). The dispute arose out of an attempt in 1975 to eliminate the public ownership of the stock of Concord Fabrics, Inc., and return it to private control.

The plaintiffs alleged that this "going-private" transaction violated § 10(b) of the Securities Exchange Act and Rule 10b–5. Appellants accordingly sought a preliminary injunction in the United States District Court for the Southern District of New York. After a hearing, Judge Mac-Mahon denied the relief requested, 398 F.Supp. 734 (S.D.N.Y.1975), and plaintiffs appealed.

This Court reversed Judge MacMahon's decision. 533 F.2d 1277 (2d Cir. 1976). We denied a rehearing *en banc, Green v. Santa Fe Industries, Inc.,* 533 F.2d 1309 (2d Cir. 1976), and the appellees petitioned the Supreme Court for a writ of certiorari.

As this case was making its way through the federal courts, a parallel action, brought by the Attorney General of New York, seeking an injunction under state law, was proceeding in the New York Supreme Court. On March 10, 1976, Justice Riccobono of that court entered a permanent injunction against the proposed return of Concord to private control. That judgment, entered with the consent of the defendants, is final.

Nearly three months after the entry of the state court injunction, a petition for a writ of certiorari was filed. The Supreme Court granted the writ, vacated the judgment of this Court, and remanded the case for consideration of the question of mootness. 429 U.S. 881, 97 S.Ct. 228, 50 L.Ed.2d 162 (1976). It is clear that any application for injunctive relief is now moot, in view of the decree entered by Justice Riccobono.

The complaint also contains a demand for damages, and thus the entire controversy is not moot. The Supreme Court of the United States has heard argument in the closely related case of *Green v. Santa Fe Industries, Inc.,* 533 F.2d 1283, *reh. denied,* 533 F.2d 1309 (2d Cir.), *cert. granted,* —— U.S. ——, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1976). The question of liability for damages will, in all likelihood, turn upon the decision in *Green.* Thus, the district court should stay further proceedings pending the resolution of *Green* by the Supreme Court.

The order denying injunctive relief is vacated. The case is remanded to the district court with instructions to dismiss the prayer for injunctive relief as moot and to stay further proceedings pending the decision of the Supreme Court of the United States in *Green v. Santa Fe Industries, Inc.*