**COMMODITY FUTURES TRADING COMMISSION, Plaintiff-Appellant,**

v.

**INCOMCO, INC., Philip M. Smith, Lincolnwood, Inc., Robert S. Novick, Defendants-Appellees.**

**No. 505, Docket 80–6170.**

United States Court of Appeals, Second Circuit.

Argued Feb. 27, 1981.

Decided May 12, 1981.

Gregory C. Glynn, Commodity Futures Trading Commission, Washington, D. C. (Glynn L. Mays, Nancy E. Yanofsky, Washington, D. C., of counsel), for plaintiff-appellant.

Leonard Toboroff, Toboroff, Gottesman & Lovell, New York City, for defendants-appellees, Incomco, Inc. and Philip M. Smith.

Arnold M. Weiss, New York City, for defendants-appellees, Lincolnwood, Inc. and Robert S. Novick.

Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and MOTLEY, District Judge.*

MOTLEY, District Judge:

This is an appeal by the Commodity Futures Trading Commission (CFTC) from an order dismissing its action for preliminary and permanent injunctive relief against named individuals and corporations engaged in the business of commodity futures trading and who have refused representatives of CFTC access to books and records relating to their trading activity. We hold

* Honorable Constance Baker Motley, United States District Judge, Southern District of New York, sitting by designation.

that the CFTC's complaint was prematurely dismissed by the trial court. We remand for further proceedings.

### The Proceeding Below

On May 8, 1980, CFTC representatives entered the offices of appellees Incomco, Inc. (Incomco) and Lincolnwood, Inc. (Lincolnwood), and attempted to inspect certain corporate records. Appellees Philip M. Smith (Smith) and Robert S. Novick (Novick), respectively president of Incomco and vice president of Lincolnwood, both refused to turn over the records requested without a written request from the CFTC. On May 9, 1980, a letter was hand-delivered to Smith from R. Patrick Thompson, Chief of the Manipulations/Trade Practice Unit in CFTC's Eastern Regional Office, advising Smith that the May 8, 1980, refusal to allow inspection without a written request might violate CFTC's regulations 1.31 and 1.35.[1] Novick received a similar hand-delivered letter on May 12, 1980.

On June 2, 1980, CFTC commenced this action. It moved for a preliminary injunction and for a temporary restraining order (TRO) pending a hearing on its application for a preliminary injunction. CFTC's papers included, in addition to a complaint, supporting affidavits from R. Patrick Thompson and Frances McKenna, one of CFTC's representatives who entered appellees' offices on May 8, 1980. The order to show cause why a preliminary injunction should not issue was signed that same day, June 2, 1980, by Judge Kevin Thomas Duffy of the United States District Court, Southern District of New York. The order signed by Judge Duffy also temporarily restrained appellees from refusing to permit record inspection by CFTC and temporarily restrained appellees from destroying or disposing of existing records. The order required appellees to appear on June 4, 1980, to show cause why a preliminary injunction should not issue.

Prior to the June 4, 1980 hearing, appellees filed affidavits with Judge Duffy representing that the books and records requested by CFTC had been produced and that, as a result, the proceeding was moot. This position was reiterated by appellees' counsel at the June 4, 1980 hearing before Judge Duffy. Counsel for CFTC conceded that all documents requested from Incomco had been produced. Certain documents requested from Lincolnwood had not yet been produced but had been located in Chicago and were to be mailed. Judge Duffy then extended the temporary restraining order and adjourned the hearing for one week in expectation of complete voluntary compliance by Lincolnwood.

The remaining Chicago records and others requested by CFTC were thereafter produced. On June 26, 1980, however, at the request of CFTC, the parties appeared before Judge Duffy. Counsel for CFTC conceded that the requested records and others had been produced but also represented to the court that CFTC had offered appellees the opportunity to sign a consent decree in settlement of the case, but the offer had

---

1. CFTC Regulation 1.31, 17 C.F.R. § 1.31, reads in pertinent part:

    § 1.31 *Books and records; keeping and inspection.*

    (a) All books and records required to be kept by the Act or by these regulations shall be kept for a period of five years from the date thereof and shall be readily accessible during the first two years of the five-year period. All such books and records shall be open to inspection by any representative of the Commission or the United States Department of Justice.

    CFTC Regulation 1.35, 17 C.F.R. § 1.35, reads in pertinent part:

    § 1.35 *Records of case commodity and futures transactions.*

    (a) *Futures commission merchants and members of contract markets:* Each futures commission merchant and each member of a contract market shall keep full, complete, and systematic records, together with all pertinent data and memoranda, of all transactions relating to his business of dealing in commodity futures and cash commodities. He shall retain the required records, data and memoranda in accordance with the requirements of § 1.31, and shall produce them for inspection and shall furnish true and correct information and reports as to the contents or the meaning thereof, when and as requested by any authorized representative of the Commission or the United States Department of Justice.

been refused. Counsel for the CFTC took the position that previous refusals to allow document inspection furnished a basis for finding a sufficient likelihood of future violations to support the issuance of a permanent injunction. Counsel for appellees explicitly denied at the June 4th hearing that there had been any past violations or destruction of documents. They argued on June 26th that production of the requested documents had ended the case. Judge Duffy then orally granted a motion to dismiss, over CFTC's objection, on condition that appellees agree that any new action be brought before him. Appellees agreed. Judge Duffy subsequently filed a memorandum and order dismissing the action because "the plaintiff's complaint no longer alleges a case and controversy."

During the pendency of this appeal, CFTC commenced a second action against two of the appellees, Incomco and Smith. *See Commodity Futures Trading Commission v. Incomco, Inc. and Philip M. Smith*, 80 Civ. 4399 (S.D.N.Y.) (the second case). This related action, which came before Judge Duffy, sought appointment of an equity receiver for Incomco and again sought injunctive relief relating, *inter alia*, to books and records. After this related proceeding was filed, Incomco filed a voluntary petition in bankruptcy. *See In Re Incomco*, No. B 11217 (S.D.N.Y.). On that same day, August 1, 1980, Judge Duffy held a hearing in the second case to consider the effect of the filing of the bankruptcy petition by Incomco on CFTC's request for an equity receiver in the second case.[2] At the conclusion of the hearing, Judge Duffy entered an order from the bench "in aid of the Bankruptcy Court" granting CFTC, *inter alia*, the injunctive relief requested with respect to books and records, which Judge Duffy had concluded was unnecessary in the instant action now on appeal, and denying the request for an equity receiver, apparently on the ground that the bankruptcy trustee would serve the same purpose.

2. The August 1, 1980, hearing before Judge Duffy in *CFTC v. Incomco, Inc. and Philip M. Smith*, 80 Civ. 4399 (S.D.N.Y.), was brought to this court's attention by a letter to the Clerk of this Court dated March 3, 1981, filed with the court pursuant to Fed.R.App.P. 28(j). A copy

*Discussion*

*Failure to Hear Disputed Issue of Fact*

At the June 26, 1980 conference, CFTC, through its counsel, asked the court to continue the action, stating that the evidence of past violations of the record keeping and inspection provisions of the Commodity Exchange Act by appellees was sufficient to prove the likelihood of future violations by appellees warranting a permanent injunction. Appellees' counsel earlier had expressly denied any other violations. However, after establishing at the June 26, 1980 conference that all requested documents had been turned over pursuant to the TRO, Judge Duffy immediately invited a motion to dismiss the complaint. A colloquy ensued during which Judge Duffy proposed an arrangement whereby appellees would agree to have referred to him any further proceedings for adjudication as a condition precedent to granting the motion to dismiss. As noted above, appellees' counsel agreed to such an arrangement. Judge Duffy again invited a motion to dismiss this action. Appellees' counsel promptly moved to dismiss. The motion was summarily granted. CFTC opposed the granting of such a motion without further hearing.

At the time this summary action was taken, there was pending before Judge Duffy CFTC's motion for a preliminary injunction. It is settled law in this Circuit that motions for preliminary injunctions should not be decided on the basis of affidavits when disputed issues of fact exist. *See Forts v. Ward*, 566 F.2d 849, 851 (2d Cir. 1977), and cases cited therein. The existence of factual disputes necessitates an evidentiary hearing followed by the making of findings of fact and conclusions of law as required by Fed.R.Civ.R. 52(a) before a motion for a preliminary injunction may be decided.[3] Since no such hearing was held,

. of the transcript from the August 1, 1980, hearing was attached to the letter.

3. Fed.R.Civ.P. 52(a) states in pertinent part: In all actions tried upon the facts without a jury or with an advisory jury, the court shall

or findings made, and the trial judge never had the opportunity to judge the credibility of witnesses, this court "is as well equipped as a district court to evaluate the parties' pleadings ..." *Forts v. Ward, supra,* 566 F.2d at 852 n.8.

■ We have reviewed the pleadings which were before Judge Duffy, and we have concluded that at the time Judge Duffy dismissed this action he was fairly presented with a factual controversy. The disputed issue of fact at this juncture was whether there was sufficient evidence of a likelihood of future violations by appellees to warrant a permanent injunction. The CFTC's complaint clearly alleged that unless enjoined by the court, appellees would continue to refuse production and access to books and records.[4] Moreover, the affidavit submitted by Frances McKenna, an employee in the CFTC's Division of Enforcement, in support of the order to show cause explicitly referred to previous refusals by appellees Incomco and Smith to allow CFTC inspection of documents and records.[5] Appellees' affidavits in opposition to CFTC's request for injunctive relief took the position that since the requested documents were turned over promptly upon receiving notice of the TRO, the case was over. No mention was made of CFTC allegations concerning previous refusals to allow document inspection. Given the state of the record,

Judge Duffy's dismissal of the complaint without hearing was premature. Since the only issue remaining was the necessity for a permanent injunction based on a finding of reasonable likelihood of future violations, *S. E. C. v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1101 (2d Cir. 1972); *Securities and Exchange Commission v. Monarch Fund,* 608 F.2d 938 (2d Cir. 1979), the proper procedure would have been to order the trial consolidated with the hearing on the preliminary injunction motion, promptly hear that issue, and make findings as required by Fed.R.Civ.P. 52(a). *See* Rule 65(a)(2).

*Mootness When the Case Was Dismissed*

■ There is a separate, and equally sufficient, ground for our decision. Judge Duffy's order of dismissal shows that dismissal was ultimately motivated by his conclusion that this case was moot. As described above, the moving papers before Judge Duffy adequately alleged the reasonable likelihood of future noncompliance by appellees. Appellees' voluntary production of the requested documents after notification of the TRO was insufficient to moot the case. A "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case

---

find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and *in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.* Requests for findings are not necessary for purposes of review. (Emphasis added.)

4. Paragraph 4 of the Complaint states:
   Unless restrained and enjoined by this Court, the defendants are likely to and will continue to engage in the acts and practices alleged in this complaint and described more fully in the affidavits filed herewith, and in similar acts and practices.

5. Paragraph 11 of the McKenna affidavit states:
   The refusals described above are not the only times that access to Incomco's and Lincoln-

wood's books and records has been denied, delayed or abridged. Exhibit E, attached hereto, is a copy of a memorandum which outlines a former Commission investigator's attempts to gain access to Incomco's books and records. Exhibit F, attached hereto, is a copy of a letter from a member of the Division staff in San Francisco relating to an additional and later attempt to gain access to Incomco's records.
   The attempt by appellees Incomco and Smith to denigrate the letters from CFTC staff attached to the McKenna affidavit as "hearsay" is unpersuasive. The letters would clearly be admissible as "reports ... of public offices or agencies, setting forth ... matters observed pursuant to duty imposed by law." Fed.R. Evid. 803(8). The attached reports clearly document prior instances of refusal by Incomco and Smith to allow CFTC inspection of documents.

moot. . . ." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Voluntary cessation will only serve to moot an action when a "defendant meets the heavy burden of demonstrating that 'there is no reasonable expectation that the wrong will be repeated.'" *SCM Corporation v. Federal Trade Commission*, 565 F.2d 807, 812 (2d Cir. 1977) *quoting, United States v. W. T. Grant, supra*, 345 U.S. at 635, 73 S.Ct. at 898.

Our review of Judge Duffy's conclusion concerning mootness is obviously hampered by the lack of an evidentiary hearing below, and the resulting absence of any factual findings. Simultaneously, however, the absence of specific factual findings makes us less hesitant than we otherwise would be to disturb his ultimate conclusion about the status of this case. Despite appellees' suggestion to the contrary, we are unable to assume that a finding of no reasonable likelihood of future violations is implicit in Judge Duffy's disposition of this case. Instead, given the procedural posture of the matter, Judge Duffy's conclusion that the case was moot was clearly premature. This case may very well be moot, but before such a conclusion can be reached with any assurance, a remand is necessary for further factual findings by the trial court.

### Mootness Subsequent to the Filing of the Appeal

In contrast to the premature finding of mootness which resulted in this appeal, certain events have occurred subsequent to the filing of the appeal which may have mooted this case insofar as it involves Incomco and Philip M. Smith. As previously mentioned, on August 1, 1980, Incomco filed a voluntary petition in bankruptcy. On the same day Judge Duffy issued an injunction against Incomco at CFTC's request in a case filed subsequent to the action currently under review. *See CFTC v. Incomco, Inc. and Philip M. Smith*, 80 Civ. 4399 (S.D.N.Y.). CFTC commenced the second action in an attempt to place Incomco under the control of an equitable receiver. Judge Duffy's injunction was issued in response to the bankruptcy petition, and the injunction seems to provide for substantially the same relief requested by CFTC in this action.

Appellees Incomco and Smith contend that the filing of the bankruptcy petition moots this case as to them. This position is legally incorrect. The commencement or continuation of actions brought by governmental agencies to enforce regulatory or police powers is specifically exempted from the automatic stay provisions of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* (Supp. III, 1979). *See* 11 U.S.C. §§ 362(a) and 362(b)(4) (Supp. III, 1979).[6] It may be, that as a matter of fact, Incomco's bankruptcy petition accurately reflects the permanent disappearance of the corporation. Incomco's counsel has attempted to describe the bankruptcy petition in this fashion. However, determining the true implications of Incomco's bankruptcy petition will involve an inquiry into whether Incomco is actually permanently out of business. Since we are resolved to remand this case for further proceedings, a factual finding concerning Incomco's future business status is more appropriately made in the District Court. In the same way, Judge Duffy can more easily determine whether

---

**6.** 11 U.S.C. § 362(a) and (b) (Supp. III, 1979) provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

\* \* \* \* \* \*

(b) The filing of a petition under section 301, 302, or 303 of this title does *not* operate as a stay—

\* \* \* \* \* \*

(4) under subsection (a)(1) of this section of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power[.] (Emphasis added.)

the injunction he issued in the second case has effectively mooted this action with respect to Incomco and Philip M. Smith. *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471 (2d Cir. 1977) (Injunction stopping "going private" transaction obtained by Attorney General of New York in state court mooted application by private party for similar relief in federal action).

The order dismissing the complaint is vacated. The case is remanded to the District Court for further proceedings consistent with this opinion.