KEARNEY & TRECKER CORPORA-
TION, a Wisconsin corporation,
Plaintiff,

v.

MILWAUKEE BOILER MANUFACTUR-
ING COMPANY, a Wisconsin
corporation, Defendant.

No. 81–C–87.

United States District Court,
E.D. Wisconsin.

Nov. 5, 1982.

Lawrence C. Hammond, Jr., Ralph V. Topinka, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Andrew O. Riteris, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff Kearney & Trecker Corporation, a Wisconsin corporation, is a minority shareholder in the defendant Milwaukee Boiler Manufacturing Company, also a Wisconsin corporation. Kearney & Trecker seeks to prevent the defendant from holding a special shareholders' meeting to consider the defendant's proposal for a recapitalization plan involving a reverse stock split that would eliminate the plaintiff as a shareholder. In its complaint, Kearney & Trecker alleges that the defendant's notice of the shareholders' meeting violated section 10(b) and section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., as well as its fiduciary duty to the shareholders.

Milwaukee Boiler has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In its motion, the defendant contends that the controversy has become moot and that

the complaint does not state a federal cause of action.

The defendant argues that the action is moot because the shareholders' meeting which the plaintiff had hoped to prevent by filing this lawsuit has been cancelled by the defendant. The defendant also asserts that it does not intend to pursue the proposed recapitalization plan that was to be the subject of the shareholders' meeting. This position is supported by the affidavit of Richard W. Stevens, president of Milwaukee Boiler and a member of its board of directors, which states in part:

"Because of the filing of the Plaintiff's Complaint in this action, the reverse stock split question which is the subject matter of this action, was removed from the agenda of Milwaukee Boiler's stockholder's meeting and has never again been placed on the agenda.

. . . .

[T]he Board has no present intentions or future plans to recommend a reverse stock split in the future on the terms as shown in the Notice of Special Meeting (Exhibit A to the Complaint). In view of the Plaintiff's attitude, Milwaukee Boiler's Board of Directors has simply abandoned the recommendation for a reverse stock split as described in Exhibit A to the Complaint."

It is the plaintiff's position that the statements in Mr. Stevens' affidavit are too narrowly worded to meet the plaintiff's claims squarely, and it emphasizes that voluntary discontinuation of the challenged behavior by the defendant does not automatically render the case moot.

At first blush, it may appear that Mr. Stevens' statement that Milwaukee Boiler does not intend to pursue the challenged recapitalization plan, either now or in the future, renders the controversy moot; thus, arguably, the defendant has agreed to discontinue the conduct which the plaintiff sought to enjoin. However, the plaintiff appropriately relies on the quotation from *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), that "voluntary cessation of alleged-

ly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.,* does not make the case moot." *See also Chicago and Northwestern Transp. v. United Transp.,* 656 F.2d 274, 277 (7th Cir.1981).

■ In order to prevail on the mootness argument, the defendant must meet the heavy burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *Id.* at 633, 73 S.Ct. at 897; *Commodity Futures Trading v. Incomco, Inc.,* 649 F.2d 128, 133 (2nd Cir.1981); *Winokur v. Bell Federal Saving and Loan Asso.,* 560 F.2d 271, 274 (7th Cir.1977). The case will remain alive despite the defendant's apparent abandonment of the present reverse stock split plan if there exists some cognizable danger that another such plan will be proposed in the future. *Grant, supra,* 345 U.S. at 633, 73 S.Ct. at 897; *Winokur, supra,* at 274–75. This danger must amount to more than a mere possibility or suggestion that the defendant may resume the challenged conduct. *Id.*

■ Despite Mr. Stevens' statement, there remains a plausible prospect that the defendant may propose a recapitalization in the future similar to the plan challenged by the plaintiff in this lawsuit. Paragraphs eight and nine of the complaint allege that the president of Milwaukee Boiler is engaged in an ongoing attempt to purchase the plaintiff's shares of Milwaukee Boiler stock at prices below what the plaintiff considers to be the fair market value of the stock. During the course of those efforts, the president allegedly said that one alternative to such a sale would be to "freeze [the plaintiff] out." If true, this statement could be construed to suggest that the defendant will pursue this intention through other plans for recapitalization. The intention could also be pursued by other officers of the defendant.

In addition, the statements in Mr. Stevens' affidavit concerning Milwaukee Boiler's abandonment of the reverse stock split plan refers to the specific plan previously proposed and scheduled for discussion. The

defendant has not represented that it has completely abandoned all related plans which could contain some or all of the features to which the plaintiff objects.

Finally, it is clear that the defendant decided to discontinue its attempted reverse stock split plan only because the plaintiff instituted this lawsuit, not because Milwaukee Boiler no longer desires to pursue the plan. Mr. Stevens stated that Milwaukee Boiler abandoned the plan "[b]ecause of Plaintiff's Complaint in this action" and "[i]n view of Plaintiff's attitude." I conclude that the controversy is not mooted by the defendant's decision to abandon the recapitalization plan challenged by the plaintiff.

The defendant also seeks dismissal of the complaint on the ground that it fails to state a federal cause of action. Milwaukee Boiler correctly cites *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), for the proposition that an alleged breach of fiduciary duty, without elements of deception, does not violate section 10(b). The major thrust of the defendant's argument is that the plaintiff has not asserted that it relied upon or was misled by the alleged omission of material information from the notice of the shareholders' meeting.

In *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), the Supreme Court held:

> "Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision." *Id.* at 153–54, 92 S.Ct. at 1472 (citations omitted).

Consistent with the *Affiliated Ute* case, the court of appeals for the seventh circuit has held:

> "In the ordinary 10b–5 case involving a failure to disclose, proof of materiality is sufficient to establish reliance."

*Wright v. Heizer Corp.,* 560 F.2d 236, 249 (7th Cir.1977). Thus, the relevant inquiry is whether the omitted information can be deemed material; if so, the element of reliance is presumed. *Id.*

■ The test for materiality is set forth in *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). To find an omitted fact material, the court must find that there is "a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote" or, stated another way, "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* at 449, 96 S.Ct. at 2132 (citation omitted).

■ The complaint alleges that the defendant's notice of the shareholders' meeting and proposed recapitalization plan omitted several facts: the higher redemption price for preferred shares permissible under article four of the defendant's articles of incorporation, the limitation on redemption of preferred shares without notice to the shareholders, the current or book value of preferred shares, and the true purpose of the reorganization plan. I am satisfied that knowledge of these facts may well have influenced the decision of a reasonable investor. The defendant's contention that the plaintiff may have been aware of some of the omitted information does not suffice to rebut the presumption of reliance. The motion to dismiss will be denied.

The parties have advanced sufficiently in their trial preparations so that this matter can be scheduled for a pretrial conference. At such pretrial conference, counsel will be expected to be ready for trial. However, there are a few matters that must be resolved first. The defendant has not yet filed a formal answer; this should be done within 20 days of the date of this order. The court's records also reflect that the defendant has not yet expressed its position regarding consent to jurisdiction by the United States magistrate in this case. Finally, the court file does not contain a copy of the defendant's list of witnesses. These

matters should be cleared away within 20 days of the date of this order.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is denied.

IT IS ALSO ORDERED that counsel for the parties are directed to appear in room 271 of the Federal Building, Milwaukee, Wisconsin, on Monday, December 27, 1982, at 9:45 A.M., for a pretrial conference in this case.