**COMMODITY FUTURES TRADING COMMISSION, Plaintiff,**

v.

**INCOMCO, INC., Philip M. Smith, Lincolnwood, Inc., and Robert S. Novick, Defendants.**

**No. 80 Civ. 3103 (KTD).**

United States District Court, S.D. New York.

March 23, 1983.

David A. Reed, Asst. Director, Lloyd E. Friesen, Craig L. Kemmerer, H. Lowell Brown, Rule Enforcement Unit, Div. of Enforcement, Commodity Futures Trading Com'n, Washington, D.C., of counsel, for plaintiff.

Arnold M. Weiss, New York City, for defendants Lincolnwood, Inc. and Robert S. Novick; Katherine Adler, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On June 2, 1980, the Commodity Futures Trading Commission ("CFTC") brought suit against defendants Incomco, Inc., Philip M. Smith, Lincolnwood, Inc. and Robert S. Novick. The corporate defendants are registered futures commissions merchants and the individual defendants were their respective employees. The complaint alleged that the defendants violated the Commodity Exchange Act, 7 U.S.C. §§ 6g, 6i, and CFTC regulations by denying the CFTC and commodity exchanges access to requested books and records. By June 26, 1980, the defendants had complied with the document request and I dismissed the complaint as moot. This decision was deemed premature by the Court of Appeals, 649 F.2d 128, and the case was remanded with the following instructions:

1. A Consent Order of Permanent Injunction and Final Judgment was entered on July 29, 1981, against defendants Incomco, Inc. and Philip Smith.

2. The statutory injunction sought by the CFTC does not require a finding of irreparable harm but only a determination "that there is a rea-

Since the only issue remaining was the necessity for a permanent injunction based on a finding of reasonable likelihood of future violations, *S.E.C. v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1101 (2d Cir.1972); *Securities and Exchange Commission v. Monarch Fund,* 608 F.2d 938 (2d Cir.1979), the proper procedure would have been to order the trial consolidated with the hearing on the preliminary injunction motion, promptly hear that issue, and make findings as required by Fed.R.Civ.P. 52(a).

At 132. The plaintiff, on the eve of trial, now argues that an oral presentation of evidence is unnecessary and moves for summary judgment. Defendants Lincolnwood and Novick oppose this motion.[1]

The limited issue before me now is whether a "reasonable likelihood of future violations" by the remaining defendants can be determined on this motion for summary judgment.[2] The CFTC argues that the defendants' prior conduct merits a legal finding that their violative conduct will likely continue. While the CFTC correctly argues that past violations may in certain instances justify the entry of an injunction, *FEC v. Weinsten,* 462 F.Supp. 243, 252 (S.D.N.Y. 1978), an injunction is appropriate only when the totality of the circumstances suggest the probability of future violations. *SEC v. Management Dynamics, Inc.,* 515 F.2d 801, 807 (2d Cir.1975).

The totality of the circumstances in the instant case cannot be ascertained before trial. Plaintiff's citation of five past examples of allegedly violative behavior in support of its summary judgment motion is misleading. Requests were made to the defendants for documents by the CFTC, the New York Cotton Exchange, and the New York Coffee, Sugar & Cocoa Exchange and responses to these requests were not immediately forthcoming. These facts alone are

sonable likelihood that the wrong will be repeated." *CFTC v. British American Commodity Options Corp.,* 560 F.2d 135, 141 (2d Cir. 1977), *cert. denied,* 438 U.S. 905, 98 S.Ct. 3123, 57 L.Ed.2d 1147 (1978); *see CFTC v. Muller,* 570 F.2d 1296, 1300 (5th Cir.1978).

an insufficient basis for entry of the requested injunction on a summary judgment motion. First of all, four of the five requests were made before Ira Kuhlik, the former vice-president of Lincolnwood, bought all the controlling shares of this corporate defendant in early 1981 and contemporaneously became its president. Kuhlik alleges that he has every intent to comply with all future requests by the exchanges and the CFTC and that he in good faith expeditiously complied with all outstanding requests when he assumed complete control of Lincolnwood. Affidavit of Ira Kuhlik. I cannot assess Mr. Kuhlik's intent, good faith, and credibility on affidavits submitted in support of or in opposition to a motion for summary judgment. The resolution of these material issues must await trial. *D.C. Comics, Inc. v. Reel Fantasy, Inc.*, 696 F.2d 24 at 27 (2d Cir.1982).

The fifth example of the defendants' allegedly egregious conduct further demonstrates the need for a hearing. This concerns a September 23, 1982 CFTC letter to the defendants outlining perceived violations of both the statutory and regulatory scheme and soliciting the defendants' response along with either proposed or enacted corrective measures. The factual circumstances surrounding the defendants' delayed answer to this letter are contested. A hearing is required to determine if the defendants' untimely response was the result of a good faith investigation, as the defendants suggest, or deliberately dilatory, as the CFTC suggests. In either case, a determination of the likelihood of the defendants violating in the future the Commodity Exchange Act or the Act's regulations must await a hearing to resolve the outstanding factual and subjective issues that are material to this case.

Accordingly, the plaintiff's motion for summary judgment is denied.

SO ORDERED.