14-720-cv
Perez v. Arnone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

PRESENT:
>
> ROBERT A. KATZMANN,
> *Chief Judge,*
> AMALYA L. KEARSE,
> REENA RAGGI,
> *Circuit Judges.*

_____

Ometrius Perez,

>*Plaintiff-Appellant*,

v.                                                                                14-720

Leo Arnone, Department of Correction, Connecticut, Patz, Captain, Wanda White-Lewis, Karen Danis, Coleman, Doctor, Guadaprama, Baker, Roy, Byers, Nuzzo, Johnson, Correctional Managed Health Care, Michael Desena, Brian Hicock, Smyth, Doctor, Steve Swan, Erfe, Ballaro, Pluszynski, Reid, Brown, Correctional Enterprises of Connecticut, Angel Quiros, Rikel Lightner, Alexander, Lieutenant, Blanchard, CTO.

>*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Ometrius Perez, pro se, Newtown, CT.

FOR DEFENDANTS-APPELLEES:                 Matthew B. Beizer, Assistant Attorney General, Office of the Attorney General, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and **VACATED** in part, the appeal is **DISMISSED** in part for lack of jurisdiction, and the action is **REMANDED** for further proceedings consistent with this order.

Appellant Ometrius Perez, proceeding pro se, appeals from so much of the district court's orders as denied his motions for a preliminary injunction and for entry of default judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We do not have jurisdiction to consider an interlocutory appeal from the denial of a motion for default judgment. *See In re Wills Lines, Inc.*, 227 F.2d 509, 511 (2d Cir. 1955). Accordingly, insofar as Perez appeals from the denial of his motions for default judgment, the appeal is dismissed for lack of jurisdiction.

We review the denial of injunctive relief for abuse of discretion. *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). A party seeking a preliminary injunction altering the status quo must establish: (1) a substantial likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See New York Progress and Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013). Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.*, 719 F.2d 42, 45 (2d Cir. 1983) (internal quotation omitted). "'The existence of factual disputes necessitates an evidentiary hearing . . .

before a motion for a preliminary injunction may be decided.'" *Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003) (quoting *Commodity Futures Trading Comm'n v. Incomco, Inc.*, 649 F.2d 128, 131 (2d Cir. 1981)).

Here, the district court properly denied relief on Perez's medical claims because Perez provided no evidence that the defendants failed to give him appropriate medical treatment. However, the court erred in ruling that Perez's transfer to a new correctional facility mooted his claim as to the conditions of his confinement, and in failing to hold an evidentiary hearing with respect to whether he was deprived of meaningful access to prison library services.

## I.    Access to Prison Library Services

To establish a violation of Title II of the Americans with Disabilities Act, 43 U.S.C. § 12131 *et seq.* ("ADA"), a plaintiff must prove: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services . . . ; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).   A state prison's law library constitutes a public service under the ADA. *See generally Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210-11 (1998). Exclusion may be demonstrated by showing that the defendants failed to provide an "otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282-83 (2d Cir. 2003).

The district court stated that there were no facts in dispute with respect to the issue of Perez's access to prison library services, and denied him relief based on its acceptance of the defendants' contention that they had already adequately accommodated Perez's disability in this regard.   However, Perez has identified disputed issues of fact that require a remand for an

3

evidentiary hearing.  *See Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747-48 (2d Cir. 1987) (remanding for evidentiary hearing).  Perez provided evidence that the defendants deprived him of a computer, word processing programs for the visually impaired, adequate writing tools, envelopes for the blind, and an electronic magnifier.  He also provided evidence that the Department of Corrections ("DOC") deprived him of large print texts despite DOC regulations requiring that these materials be made available, and disputed the DOC's assertion, in response to Perez's preliminary injunction motion, that it had provided an electronic magnifier.  Although the defendants provided evidence that they were working on providing word processing programs, there are factual issues as to whether the programs have been, or even could be, made meaningfully available to Perez.  Nor does the defendants' attempt to cure moot the claim. Reforms taken under the pressure of litigation do not moot claims for injunctive relief unless "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Parents Involved in Community Schools v. Seattle Sch. Dist. No.* 1, 551 U.S. 701, 719 (2007) (quotation and alteration omitted).  "The existence of [these] factual disputes necessitates an evidentiary hearing . . . ."  *Kern*, 331 F.3d at 12 (internal quotation marks omitted).  Accordingly, we vacate the district court's order in part and remand for an evidentiary hearing on the issue of Perez's access to prison library services.

## II.    Conditions of Confinement

Perez's claims with respect to his requests for a single cell are not mooted by his subsequent transfer to a new facility.  Perez alleged that the problem with double-celling persisted at his new facility, and the DOC Commissioner, a named defendant, has the power to implement the requested relief.  *See Davis v. New York*, 316 F.3d 93, 99 (2d Cir. 2002) (injunctive relief not

4

mooted by transfer where prisoner complained that the problem persisted after transfer).    Further, Perez provided evidence that he was diagnosed with PTSD and an anxiety disorder; that he had a single cell designation in New York prior to his transfer to Connecticut because of his mental health issues; that the DOC's own regulations require screening to determine whether double-celling is appropriate for inmates with mental health problems; and that he filed numerous grievances complaining that double-celling exacerbated his suicidal tendencies.    The defendants did not contest these allegations, state whether any evaluations had been done, or address whether Perez was likely to succeed on an Eighth Amendment claim.    Although double-celling is not a per se Eighth Amendment violation, a full factual record is necessary to determine whether double-celling a particular inmate is unconstitutional.    *See generally Walker v. Schult*, 717 F.3d 119, 129 (2d Cir. 2013).    Accordingly, the district court's order is vacated in part and remanded for reconsideration on the issue of Perez's request for a single cell.

### III.    Medical Claims

The district court properly denied Perez preliminary injunctive relief for medical treatment of his wrist and knee.    Perez provided no evidence – other than unsupported assertions – that the defendants failed to provide appropriate medical treatment.    *See New York City Environmental Justice Alliance v. Giuliani*, 214 F.3d 65, 72-73 (2d Cir. 2000) (affirming denial of injunctive relief because plaintiffs failed to present evidence on which district court could conclude a likelihood of success).

We have considered all of Perez's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** in part, **VACATE** in part, and **DISMISS** in part, and **REMAND** the action for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk