**Randall B. SAUNDERS,**

v.

**Walter D. FLANAGAN, et al.[1]**

**No. 3:98CV2333(CFD).**

United States District Court,
D. Connecticut.

Aug. 3, 1999.

630

1. The defendants in this action are listed by the plaintiff as Walter D. Flanagan, Warren Murray and Robert Brunetti of the Danbury. State's Attorney's Office and Det. Lt. James McNamara, Det. David Arconti, Officer Sturdevant, Det. Ingrid Yakacki, Ofc. James Lalli, P.O. Byron Bishop, Officer Emeicke, P.O. Anthony J. Maher, Sergeant Matter, Ofc. J. Lagarto, Det. Robert Williams and Ofc. Roger Brooks of the Danbury Police Department [sic].

Randall B. Saunders, New Haven, CT, pro se.

Stephen R. Sarnoski, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS

DRONEY, District Judge.

### Introduction

The plaintiff filed this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. He is incarcerated at the State of Connecticut Correctional Center in New Haven, Connecticut, awaiting trial on a state charge of murder. The plaintiff alleges that the defendants caused him to be arrested without probable cause, destroyed physical evidence, and delayed his criminal prosecution in violation of the United States Constitution.

Pending are motions to dismiss and for protective orders filed by defendants Flan-agan, Murray and Brunetti ("the state prosecutor defendants") and by defendants McNamara, Arconti, Sturdevant, Yakacki, Lalli, Bishop, Emeicke, Maher, Matter, Lagarto, Williams and Brooks ("the Danbury Police defendants"). Also pending is a motion for discovery filed by the plaintiff. For the reasons that follow, the motions to dismiss are granted and the remaining motions are denied.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." *Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir.1992).

### Facts

For the purpose of deciding the Fed. R.Civ.P. 12(b)(6) motions to dismiss, the

court accepts as true the following allegations of the complaint.

On January 26, 1997, the Danbury Police Department received 911 emergency telephone calls from customers and staff at the Tortilla Flats Restaurant reporting an altercation at the restaurant. Defendant Police Officer Lalli arrived first at the restaurant and observed a person kneeling over a gunshot victim. The person told Officer Lalli that the plaintiff was the "shooter." Later that evening, the plaintiff was charged with the murder in violation of Conn.Gen.Stat. § 53a–54a. The criminal trial has not yet been held.

The plaintiff maintains that he shot the victim in self-defense and that, but for the misconduct of the Danbury Police defendants in performing the investigation and processing the crime scene, certain evidence would be available to him to support his claim of self-defense.

It is also alleged that the Danbury Police defendants knew that the plaintiff had acted in self-defense but they still charged him with murder. Further, the plaintiff claims that the state prosecutor defendants Flanagan, Murray and Brunetti,—the State's Attorney and Assistant State's Attorneys, respectively—reviewed the evidence obtained by the police and, in the process, discarded statements, destroyed evidence favorable to the plaintiff's defense, altered 911 tapes to erase exculpatory information, and hindered the plaintiff's efforts to obtain evidence to be used in his defense. The plaintiff also alleged that certain defendants did this for their own personal and financial reasons and that one of the defendants had a "relationship" with the victim.

According to the defendants' motions, the plaintiff was scheduled to proceed to trial on the murder charge in state court on December 8, 1998. However, at that time, the plaintiff discharged his attorney and the criminal matter was rescheduled.

The plaintiff filed the instant complaint on December 1, 1998.[2]

The complaint alleges that the acts of the defendants constitute violations of the plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as certain provisions of the Connecticut Constitution. The plaintiff seeks monetary, declaratory, and injunctive relief.

### Discussion

The state prosecutor defendants have filed a motion to dismiss on four grounds: (1) the court should not interfere with the ongoing state criminal prosecution under the *Younger v. Harris* abstention doctrine; (2) the Eleventh Amendment bars the plaintiff's claim for damages and retroactive injunctive relief against them in their official capacities; (3) they are protected by absolute prosecutorial immunity; and, (4) the plaintiff fails to state a claim upon which relief may be granted. The Danbury Police defendants have filed a motion to dismiss also based on the *Younger* abstention doctrine. The parties have also filed several other motions which will be addressed following the discussion on the motions to dismiss.

### I. Younger Abstention

Under the U.S. Supreme Court's holding in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should generally abstain from interfering with state criminal proceedings. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (court should abstain from issuing declaratory relief in state criminal proceedings). The Second Circuit has set forth a three part test for determining whether *Younger* abstention is appropriate. The district court should abstain where: (1) there is an ongoing state proceeding; (2) an important state

---

**2.** The plaintiff's state murder trial is now scheduled to commence in September, 1999.

interest is implicated; and, (3) the plaintiff may raise the constitutional claims in the state court. *Christ the King Regional High School v. Culvert,* 815 F.2d 219, 224 (2d Cir.1987). *Accord, Philip Morris, Inc. v. Blumenthal,* 123 F.3d 103, 105 (2d Cir. 1997); and *Hansel v. Town Court for the Town of Springfield, New York,* 56 F.3d 391, 393 (2d Cir.), *cert. denied,* 516 U.S. 1012, 116 S.Ct. 572, 133 L.Ed.2d 496 (1995).

■ The three part test for determining whether *Younger* abstention should be applied is satisfied here. First, the plaintiff's state criminal case of *State v. Randall Saunders,* Docket Number CR97–98074S was pending at the time the plaintiff brought this action. The instant action is based upon events alleged to have occurred in connection with the investigation, arrest, and prosecution of him in that criminal case.

Second, "[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel,* 56 F.3d at 393 (citing *Middlesex County Ethics Committee,* 457 U.S. at 432, 102 S.Ct. 2515). The state murder prosecution represents an important state interest.

Third, the plaintiff can raise his claims in the pending state criminal proceeding. "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Hansel,* 56 F.3d at 394. The allegations of tampering with evidence and withholding exculpatory information are particularly appropriate for review by the state court in the plaintiff's pending criminal proceedings. The complaint does not allege that the plaintiff is barred from raising any of his claims in the ongoing state proceedings.

Accordingly, because the elements set forth in *Christ the King Regional High School, supra,* are satisfied, the court concludes that the *Younger* abstention doctrine applies to this case.

## II. Exceptions to Younger Abstention

■ "The satisfaction of the three requirements necessary to invoke the rule of *Younger* does not end the Court's analysis, because *Younger* and its progeny have established circumstances where it would be inappropriate for a federal district court to stay its hand pending disposition of related state proceedings ..." *Toback v. City of Long Beach,* 948 F.Supp. 167, 171 (E.D.N.Y.1996). With respect to the exceptions to the application of the *Younger* doctrine in the context of criminal prosecutions, the Supreme Court has stated:

"[A]lthough the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term, the Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, or where there exist other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."

*Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (internal quotations and citations omitted), *see also Perez v. Ledesma,* 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). As for determining bad faith in a state criminal prosecution, "the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome." *Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir.1994) (citing *Kugler,* 421 U.S. at 126 n. 6, 95 S.Ct. 1524.) "But, a refusal to abstain is also justified where a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected con-

duct,...." *Fliegner,* 18 F.3d at 103–104 (citing *Lewellen v. Raff,* 843 F.2d 1103, 1109–10 (8th Cir.1988), *cert. denied,* 489 U.S. 1033, 109 S.Ct. 1171, 103 L.Ed.2d 229 (1989) and *Rowe v. Griffin,* 676 F.2d 524 (11th Cir.1982)).

■ In order to invoke one of the exceptions to the *Younger* doctrine, the defendant in a criminal case must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct. Absent such allegations, the district court is not required to conduct a hearing to determine whether the criminal defendant's general claims have merit. "A plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts to support an inference of bad faith." *Collins v. County of Kendall,* 807 F.2d 95, 98 (7th Cir.1986), *cert. denied,* 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987) (affirming district court's dismissal of plaintiff's case on *Younger* abstention grounds without an evidentiary hearing where the plaintiff failed to allege facts in the complaint which supported an inference that the defendants were prosecuting the plaintiff in bad faith). *See also Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir.1993) (plaintiff claiming bad faith prosecution must make specific factual allegations which tend to support the claim in order for federal court to refuse to apply the *Younger* doctrine); *Pincham v. Illinois Judicial Inquiry Board,* 872 F.2d 1341, 1349 (7th Cir.1989) (case dismissed on *Younger* abstention grounds where the allegations in the complaint and argument set forth in moving papers did not support the inference that plaintiff was proceeded against in bad faith); *Carbone v. Zollar,* 845 F.Supp. 534, 537 (N.D.Ill.1993) (plaintiff claiming bad faith by the state must allege specific facts from which court can infer that state instituted meritless and frivolous proceedings); *Temple of the Lost Sheep, Inc. v. Abrams,* 761 F.Supp. 237, 244 (E.D.N.Y.1989) (party invoking bad faith exception to Younger doctrine must make specific factual allegations which support such a claim).

As one of the Courts of Appeals has noted, "[T]he exact contours of these exceptions to the *Younger* doctrine have been the subject of a good deal of litigation but, to this day, they remain somewhat indistinct." *Kiley,* 985 F.2d at 1358. These exceptions, however, represent a "very narrow gate for federal intervention in pending state criminal proceedings." *Id.* This is because a pending state prosecution usually provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights. *Kugler,* 421 U.S. at 124, 95 S.Ct. 1524 (citing *Steffel v. Thompson,* 415 U.S. 452, 460, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). The Supreme Court has held that claims, such as those alleged by the plaintiff in his complaint, which challenge "the propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by the state tribunals...." *Ledesma,* 401 U.S. at 84, 91 S.Ct. 674.

In the instant case, the plaintiff's complaint and his opposition to the motions to dismiss can be read to make two principal claims that this case falls within a *Younger* doctrine exception: first, that this case presents extraordinary circumstances which will result in irreparable harm if he is forced to defend against the state criminal charges; and, second, that the defendants are acting in bad faith and instituted the prosecution against him without any hope of obtaining a valid conviction. The plaintiff has failed to make an adequate showing as to either claim.

### A. Extraordinary Circumstances

■ The plaintiff has not demonstrated that this case presents extraordinary circumstances which will result in irreparable harm should the court decline to enjoin the state court prosecution. *See Davis v. Lansing,* 851 F.2d 72, 77 (2d Cir.1988) (holding the burden of defending criminal prosecu-

tion is insufficient to constitute irreparable harm); *see also Feerick v. Sudolnik,* 816 F.Supp. 879, 884 (S.D.N.Y.1993), *aff'd,* 2 F.3d 403 (2d Cir.1993) (same). That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in irreparable harm warranting this court to refuse to apply the doctrine of *Younger* abstention, and no other specific basis of "extraordinary circumstances" is asserted.

### B. Bad Faith Prosecution and Constitutionally Protected Conduct

■ The plaintiff also makes various allegations which essentially amount to a claim that the defendants are prosecuting him in bad faith. Specifically, the plaintiff alleges that the defendants withheld, destroyed and disregarded evidence which showed that the plaintiff acted in self-defense and have also delayed bringing the case to trial so that the memories of the witnesses would "fade." The plaintiff also generally alleges, on "information and belief," that certain defendants did this for "personal and financial reasons" and because one of the defendants had a "personal relationship" with the victim. As previously indicated, bad faith will be found and federal intervention into state proceedings will be warranted where the court determines that there is no reasonable expectation of the state defendants obtaining a

favorable outcome. *Fliegner,* 18 F.3d at 103.

As to plaintiff's claim of lack of probable cause, Conn.Gen.Stat. § 54–46a provides that before the state may try him on a charge of murder, the superior court is required to hold a probable cause hearing and find that probable cause exists to believe that he committed the crime.[3] The purpose of the hearing is to ensure that the state has sufficient evidence of the plaintiff's involvement in the crime to allow the state to try him for that offense. *See also State v. Diaz,* 237 Conn. 518, 679 A.2d 902 (1996). The trial in the plaintiff's state criminal case is currently scheduled to proceed in September of this year. There apparently has already been a finding that there is sufficient evidence to establish probable cause to believe that he committed the offense and bind him over for trial.[4] Therefore, the plaintiff's claims relating to the propriety of his arrest are not sufficient for this court to conclude that the defendants have no reasonable expectation of obtaining a conviction. Absent a specific allegation or showing that there has been no such probable cause determination or other circumstances pointing to a compromising of the criminal justice process, intervention by this court is not warranted.[5] *Cf. County of Kendall,* 807 F.2d at 101 (defendant insulated from plaintiff's allegation of bad faith where the defendant had obtained judicial approval both prior to and after engaging in conduct com-

---

3. Conn.Gen.Stat. § 54–46a(a) reads: "No person charged by the state, who has not been indicted by a grand jury prior to May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."
   Conn.Gen.Stat. § 53a–54a(d) provides, in part: "Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a–35a...." Conn.Gen.Stat. § 53a–35a(2) provides a maximum penalty of life

imprisonment for the class A felony of murder.

4. Alternatively, the plaintiff could have conceded probable cause and waived the hearing. Conn.Gen.Stat. § 54–46a.

5. Lack of probable cause to prosecute, without more, does not constitute bad faith within the meaning of the *Younger* doctrine. *See Timmerman v. Brown,* 528 F.2d 811, 815 (4th Cir.1975). Such a claim, which relates to the propriety of the plaintiff's arrest for murder, should be resolved by the state court during the criminal proceedings. *See Ledesma,* 401 U.S. at 84, 91 S.Ct. 674.

plained of by the plaintiff); *but see Smith v. Hightower*, 693 F.2d 359, 368 (5th Cir. 1982) (indictment may not "insulate" defendants where defendants may have improperly influenced the grand jury when obtaining the indictment).

The allegations also do not support an inference that there has been an improper delay in bringing the criminal case to trial, which could have compromised evidence relevant to the plaintiff's self-defense claim. The plaintiff was arrested on January 26, 1997, and the criminal trial was scheduled to begin less than a year after that date. Although the plaintiff was statutorily entitled to proceed to trial within eight months of his arrest, *see* Conn.Gen. Stat. § 43–39(d), he does not make specific allegations concerning the nature of the delay and whether the delay was excludable from that time limitation under the various exclusions set forth in Conn.Gen. Stat. § 43–41. The plaintiff's general allegation that the defendants delayed his criminal proceedings, without more, does not support an inference that his rights under the Sixth Amendment and the state speedy trial provisions were violated.[6]

Finally, the allegations of the complaint concerning tampering with evidence, withholding exculpatory evidence and prosecutorial bias are not specific enough to support an inference of bad faith or even to require an evidentiary hearing. The allegations against the defendants are general in nature and those which could be interpreted as asserting bad faith are made on "information and belief" or on the basis that the defendants "knew or should have known" certain information. These are hardly the type of specific factual allegations of bad faith required to warrant *Younger* intervention to stop the plaintiff's state criminal trial.

The plaintiff also has not alleged that he is being prosecuted in retaliation for or to deter constitutionally protected conduct. *Fliegner*, 18 F.3d at 103–104. Although courts have found the "bad faith" exception to the Younger doctrine applicable and enjoined state criminal proceedings in such situations, this situation is not presented by the facts alleged by the plaintiff. The "bad faith" exception has been applied where the plaintiff alleged that the prosecution was motivated, in part, by his race, *Lewellen v. Raff*, 843 F.2d 1103, 1112 (8th Cir.1988); that the prosecution was motivated by a purpose to retaliate for or to deter the filing of a civil suit against state officers, *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir.1979); that the prosecution was instituted to harass and punish the federal plaintiffs for having exercised their first amendment rights in criticizing public officials, *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir.) (per curiam), *cert. denied*, 452 U.S. 916, 101 S.Ct. 3051, 69 L.Ed.2d 420 (1981); and that the prosecution was instituted in retaliation for the plaintiff exercising his First Amendment rights by providing truthful testimony which was damaging to the prosecutor in another case, *Hightower*, 693 F.2d at 368. In each of these cases the plaintiff successfully invoked federal intervention by showing that he was being prosecuted, at least in part, based upon some constitutionally prohibited motive.[7]

---

6. This discussion should not be construed to suggest that alleged violations of the Sixth Amendment or speedy trial protections, without more, constitute bad faith within the meaning of *Younger*, thus warranting federal intervention.

7. The exception has also been applied where it was alleged that the prosecutors instituted charges in violation of a prior immunity agreement, *Rowe v. Griffin*, 676 F.2d 524 (11th Cir.1982), where it was alleged that the criminal charges will be considered by a demonstrably biased tribunal, *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), and where that the prosecutor pursued highly questionable charges against the plaintiff for the sole purpose of gaining publicity for himself, *Shaw v. Garrison*, 467 F.2d 113 (5th Cir.), *cert. denied*, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972). However, the plaintiff here does not allege facts which suggest such situations.

In the instant case, the plaintiff does not allege that he is being prosecuted in retaliation for exercising his rights or because the defendants are attempting to discourage him from exercising those rights. Rather, the plaintiff claims that the defendants deliberately violated his constitutional rights during the course of the criminal investigation and prosecution. Such allegations do not constitute a claim of "bad faith" under this line of decisions and those allegations can be adequately addressed by the state trial court. *See Sudolnik,* 816 F.Supp. at 884.

Therefore, neither the extraordinary circumstances exception nor the bad faith exception to the *Younger* doctrine apply here. Accordingly, because the defendants have demonstrated that the *Younger* abstention doctrine applies to this case and the plaintiff has failed to establish one of the exceptions to the *Younger* abstention doctrine, the plaintiff's claims for injunctive and declaratory relief are dismissed. The plaintiff's pending state prosecution provides him with sufficient opportunity for vindication of the federal constitutional rights he claims were violated by the defendants. *See Kugler,* 421 U.S. at 124, 95 S.Ct. 1524 (citation omitted).

### III. The Plaintiff's Claims for Monetary Relief

■ The plaintiff's complaint also seeks damages. However,

> If a plaintiff seeks monetary damages arising out of an inchoate state criminal proceeding, and if a district court's inquiry into his claims "would offend the principal of comity" because the "practical impact of any potential ruling" would interfere with that pending state court action, then it is proper for a district court to abstain from hearing such a claim.

*Estes–El v. Town of Indian Lake,* No. 96–CV–1896, 1998 WL 247464, at *3 (N.D.N.Y. May 11, 1998) (quoting *Martin v. Merola,* 532 F.2d 191, 194–95 (2d Cir. 1976)); *see also Barr v. Abrams,* 641 F.Supp. 547, 555 (S.D.N.Y.1986) (section 1983 damages action has the same effect of obstructing and interfering with the conduct of an ongoing criminal investigation and prosecution, therefore *Younger* abstention appropriate).

When presented with a case where criminal defendants brought a section 1983 action for damages against the prosecutor in their pending state criminal case, the court in *Martin* recognized that "[U]ntil the state prosecution[ ][has] been concluded, it is simply impossible to make any reasoned evaluation of plaintiff's claim that [he] may have been deprived of the opportunity to secure a fair trial by reason of the defendants' actions." *Martin,* 532 F.2d at 194. The court concluded that "[W]e believe the requirement that defendants wait until criminal proceedings have terminated before asking a federal court for damages against the prosecutor will tend to eliminate those suits which might be brought for purposes of harassment." *Id.* at 195. *See also Mann v. Jett,* 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam) (*Younger* abstention appropriate where section 1983 damages action brought against prosecutor and assistant for alleged constitutional violations in his ongoing criminal proceedings). One court has noted that the rule is necessary because federal courts should not permit the civil rights action to be used as a defense tactic during the pendency of criminal proceedings. *See Abrams,* 641 F.Supp. at 555.

■ Where it is determined that the court must abstain under the *Younger* doctrine from an action for damages which attacks the validity of on an ongoing criminal prosecution, dismissal of the case without prejudice to renewal upon the conclusion of the state criminal proceedings is appropriate. *See Martin,* 532 F.2d at 195. *See also Sendlewski v. Town of Southampton,* 734 F.Supp. 586, 590 (E.D.N.Y.1990) (dismissal on *Younger* abstention grounds appropriate where section 1983 action seeking damages based upon alleged unconstitutionality of zoning regulations

brought against the town during pendency of zoning enforcement proceedings against the plaintiff); *Abrams,* 641 F.Supp. at 555 (dismissal on *Younger* abstention grounds appropriate where section 1983 action seeking damages brought against persons involved in the investigation and prosecution of the plaintiff); ·*but see Kramer v. Metro–Dade Corrections and Rehabilitation Dep't,* 822 F.Supp. 1572, 1575 (S.D.Fl. 1993) (issuance of a stay order as to damages claims on *Younger* abstention grounds appropriate where section 1983 action brought against persons involved in the criminal prosecution of the plaintiff); *Price v. Rust,* 527 F.Supp. 569, 573 (D.Conn.1981) (same result where section 1983 action brought against town officials during pendency of zoning enforcement proceedings against the plaintiff).

In the instant case, the plaintiff is challenging the validity of the pending state criminal prosecution and seeks damages on that basis. He alleges that the defendants destroyed material evidence, withheld evidence from the defense and deliberately delayed the prosecution of the case. Because the criminal prosecution has not yet concluded, it is impossible for this court to make a determination as to whether the defendants deprived the plaintiff of a fair trial.

Further, allowing the plaintiff's claims for damages against the defendants to proceed during the pendency of his criminal proceeding may have the effect of obstructing and interfering with the conduct of the ongoing state criminal prosecution. This is because the defendants in this action are the prosecutors, investigators and witnesses in the plaintiff's state criminal proceedings. Permitting the damages aspect of this case to proceed now would result in the defendants expending time and resources in this action, while at the same time attempting to perform their duties in the criminal proceeding.

Accordingly, the plaintiff's claims for monetary relief are hereby dismissed without prejudice to renew at the conclusion of the state criminal prosecution.

## IV. *Other Pending Motions*

The defendants have filed motions for protective orders in which they seek to delay responding to discovery requests until the court decides the motions to dismiss. Because the court has determined that it must abstain from deciding this case, the defendants' motions for protective order [**Documents # 19 and 21**] are **DENIED AS MOOT.**

In addition, the state prosecutor defendants have filed a motion to dismiss this action because the plaintiff failed to remit security for costs. The court notes that the security for costs was received by the court on May 17, 1999. Accordingly, that state prosecutor defendants' motion to dismiss [**Document # 25**] is **DENIED.**

Finally, the plaintiff has filed a motion to proceed with discovery. Because the court has determined that it must abstain from deciding this case, the plaintiff's motion [**Document # 26**] is **DENIED AS MOOT.**

### *Conclusion*

The Motions to Dismiss filed by the state prosecutor defendants [**Document # 12**] and the Danbury Police defendants [**Document # 5**] are **GRANTED,** without prejudice. Accordingly, the complaint is dismissed in its entirety and the clerk is ordered to close this case.[8]

. SO ORDERED.

---

8. Because the court grants these motions and dismisses this case on the basis of the applicability of the *Younger* abstention doctrine, it need not reach the defendants' other arguments in support of their motions.