**Richard D. KERN, Plaintiff–Appellant,**

v.

**Frank J. CLARK, III, G. Michael Drmacich, and Barry A. Zavah, Defendants–Appellees.**

Docket No. 02–7472.

United States Court of Appeals, Second Circuit.

Argued: Nov. 20, 2002.

Decided: June 2, 2003.

Michael Kuzma, Esq., Buffalo, NY, for Appellant.

Kristin Klein Wheaton, Assistant County Attorney, County of Erie (Frederick A. Wolf, Erie County Attorney, on the brief) Buffalo, NY, for Appellees.

Before: F.I. PARKER, STRAUB, and B.D. PARKER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Richard D. Kern appeals from the March 26, 2002 judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), dismissing, on *Younger* abstention grounds, his complaint against defendants-appellees Frank J. Clark, III, the District Attorney for Erie County, and Assistant District Attorneys G. Michael Drmacich and Barry A. Zavah.[1] The complaint alleged that the defendants prosecuted Kern, a public watchdog and activist, "in a crude attempt to inhibit [him] from exercising his rights under the First Amendment." The district court dismissed the complaint as barred by the *Younger* abstention doctrine. *See Schlagler v. Phillips*, 166 F.3d 439, 442 (2d

Cir.1999) ("Under *Younger[v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),] and its progeny, a federal court should abstain from exercising jurisdiction where three factors are present: (1) there is an ongoing state criminal proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims.").

Kern argues that the district court erred by abstaining because the challenged state prosecution was brought in bad faith. *See Younger*, 401 U.S. at 49, 91 S.Ct. 746 (noting that abstention would be inappropriate where a criminal prosecution is "brought in bad faith or is only one of a series of repeated prosecutions"). We conclude that the district court erred by dismissing Kern's complaint as barred by *Younger* abstention without holding an evidentiary hearing to resolve factual disputes related to Kern's claim that he was being prosecuted in bad faith.

## I.  BACKGROUND

On June 6, 2001, the Erie County District Attorney's Office charged Kern with harassment, aggravated harassment, and stalking. The charges were based on a complaint filed by Charlie Flynn, Chairperson of the Erie County Independence Party, a Commissioner of the Buffalo Municipal Housing Authority, and former Residency Officer for the City of Buffalo. The complaint alleged that: 1) Kern confronted Flynn twice during or right after public meetings; 2) Kern once stood outside Flynn's house, while Flynn's children were playing in the driveway; 3) Kern called Flynn at home and left messages on his answering machine three times, and

---

1. Kern's complaint sought preliminary and permanent injunctive relief, declaratory judg-

ment, costs and attorneys' fees.

left phone messages for Flynn at his office three other times; 4) Kern sent Flynn thirteen faxes at his office; and 5) during the personal encounters and phone messages Kern called Flynn a disgrace to the community and a liar, questioned Flynn's integrity, and told Flynn that he, Kern, was watching him.

On June 25, 2001, Kern filed the present complaint in the United States District Court for the Western District of New York, seeking a preliminary and permanent injunction prohibiting the Erie County District Attorney's office from prosecuting him based on Flynn's complaint. In his complaint, Kern alleged that he has been subjected to a series of bad faith prosecutions brought by the Erie County District Attorney's Office in order to "harass, oppress and punish [Kern] because of his vigorous and zealous advocacy under the First Amendment to the United States Constitution and Article One, Section Eight of the New York State Constitution." In addition to the pending prosecution, Kern alleged that he has been the subject of ten other criminal prosecutions, all stemming from his watchdog actions. Although two of those cases were "adjourned in contemplation of dismissal," which is neither a favorable nor an unfavorable disposition, see N.Y.Crim. Proc. Law § 170.55, Kern alleged that the remainder were resolved favorably to him. At least two were dismissed because the charging instrument was facially insufficient.

After Kern filed his complaint in federal court, the state criminal case and Kern's federal civil rights case proceeded simultaneously. On September 7, 2001, the Buffalo City Court issued an oral ruling, dismissing the criminal charges against Kern. However, judgment was not entered on this order until May 20, 2002. The Erie County District Attorney's Office filed a Notice of Appeal on June 3, 2002, and filed a brief on August 2, 2002. As of the time of oral argument in the present appeal, Kern had not yet filed his respondent's brief in the state criminal case and no date had been set for oral argument.

In the meantime, on October 9, 2001, the district court held a hearing on the defendants' motion to dismiss Kern's federal complaint. The court heard oral argument but did not conduct an evidentiary hearing. On March 25, 2002, the district court granted defendants' motion to dismiss Kern's § 1983 complaint on *Younger* abstention grounds. On March 26, 2002, the district court entered judgment on that order. On April 25, 2002, Kern filed his Notice of Appeal from the district court's dismissal of his § 1983 claim.

## II. STANDARD OF REVIEW

"[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir.2002). This Court "review[s] the district court's findings of fact only for clear error, [but] whether those facts come within the ambit of . . . the 'bad faith' . . . exception[ ] to the *Younger* abstention doctrine is a mixed question of law and fact that we must . . . review de novo." *Id.* (internal citations omitted).

## III. DISCUSSION

First, we note that it is unclear whether the district court applied the proper standard in its abstention decision. The district court stated that the issue before it was "whether the state criminal prosecution [was] brought in bad faith, or [was] only one in a series of bad faith criminal prosecutions." The *Younger* Court presented a slightly different formulation, *i.e.*, whether a criminal prosecution

is "brought in bad faith *or* is only one of a series of *repeated* prosecutions." *Younger,* 401 U.S. at 49, 91 S.Ct. 746 (emphasis added). However, whether the *Younger* Court's formulation means that there may be circumstances wherein *Younger* abstention would be inappropriate in a case involving a series of good-faith repeated prosecutions[2] is an issue we are not faced with and do not decide. Generally, the subjective bad faith of the prosecuting authority is the gravamen of the exception to *Younger* abstention. *See Diamond "D" Constr. Corp.,* 282 F.3d at 199 ("[T]he subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, [the bad faith] inquiry."). In the present case, the fact finder could infer bad faith or improper motive if it credited the evidence that Kern claims demonstrates that the defendants aggressively prosecuted him in a string of weak cases brought on behalf of Kern's political enemies.

■ In any event, the district court erred by concluding, without holding an evidentiary hearing, that Kern "failed to demonstrate that Defendants have proceeded under anything other than a good faith belief that [Kern] ... violated the criminal statutes governing harassment, aggravated harassment, and stalking." "It is settled law in this Circuit that motions for preliminary injunctions should not be decided on the basis of affidavits when disputed issues of fact exist." *Commodity Futures Trading Comm'n v. Incomco, Inc.,* 649 F.2d 128, 131 (2d Cir.1981) (citing *Forts v. Ward,* 566 F.2d 849, 851 (2d Cir.

1977)). "The existence of factual disputes necessitates an evidentiary hearing ... before a motion for a preliminary injunction may be decided." *Id.; cf. Distefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir.2001) ("Where ... a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." (quotation marks omitted)).

In concluding that Kern had not established that the defendants acted in bad faith, the district court apparently relied upon the affidavits of defendants Drmacich and Zavah, which stated, in conclusory terms, that Kern was prosecuted in good faith. The district court did not address Kern's contention, or the evidence supporting that contention,[3] that the defendants have repeatedly and vigorously prosecuted weak cases against him at the behest of politically-connected complainants. Moreover, the district court erroneously concluded that Kern does not "deny committing the actions alleged in the criminal information," despite the fact that Kern submitted an affidavit on September 20, 2001 in which he specifically denied committing a number of the actions alleged in the current criminal information.

Thus, the district court erred by resolving factual disputes relevant to the "bad faith" determination without conducting an evidentiary hearing.

## IV. CONCLUSION

For these reasons, the judgment of the district court is VACATED and the case is

---

**2.** An example might be repeated state-court prosecutions wherein, for procedural reasons, a defendant was unable to raise defects of a Constitutional nature. *See, e.g., Diamond "D" Constr. Corp.,* 282 F.3d at 201 (outlining the parameters of the "extraordinary circumstances" exception to *Younger* abstention).

**3.** Kern submitted an affidavit outlining the circumstances of several past prosecutions and documentary corroboration in the form of the relevant criminal complaints and court decisions, and newspaper articles describing the protracted course of one case.

REMANDED for the district court to conduct an evidentiary hearing on the issue of whether the "bad faith" exception to the rule of *Younger* abstention applies. The parties shall bear their own costs.