25-454-cv
*Perez v. Quiros et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-six.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge*,
BARRINGTON D. PARKER,
MYRNA PÉREZ,
*Circuit Judges.*

_____

Ometrius Perez,

*Plaintiff-Appellant*,

v.                                                          25-454

Angel Quiros, Commissioner of the
Connecticut Department of Correction,
in the Official capacities, Connecticut
Department of Corrections, in the

1

**Official capacities, Colleen Gallager, Correctional Health Service Program Director, in the Official capacities, Amonda Hannah, Warden, in the Official capacities, Michael Calderon, Counselor Supervisor and Facility ADA Coordinator, in the Official capacities, Kristine Barone, Warden, in the Official capacities, Jane Walsh, Facility ADA Coordinator, in the Official capacities, Damien Doran, Deputy Warden, in the Official capacities, John Dougherty, Warden, in the Official capacities, Jane Vareen, Facility ADA Coordinator, in the Official capacities,**

*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Ometrius Perez, *pro se*, Suffield, CT.

**FOR DEFENDANTS-APPELLEES:**                    Terrence M. O'Neill, Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Oliver, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on January 30, 2025, is **AFFIRMED**.

2

Ometrius Perez, proceeding *pro se*, appeals from the district court's denial of preliminary injunctive relief. Perez, who is legally blind, sued the Connecticut Department of Correction and prison officials under Title II of the Americans with Disabilities Act ("ADA"), alleging that he had been denied reasonable accommodations. He sought damages, declaratory relief, and an injunction requiring the defendants to provide him with unobstructed access to certain auxiliary aids, a single cell, and a cell nearer to the showers. In August 2024, Perez moved for preliminary injunctive relief, and the defendants opposed. The district court denied preliminary injunctive relief, concluding that Perez had failed to show that he was likely to succeed on the merits of his claims, or that "extreme or very serious damage" would result absent an injunction. *Perez v. Quiros*, 3:24-cv-651 (VDO), 2025 WL 342837, at \*4 (D. Conn. Jan. 30, 2025). The district court explained that Perez failed to "include specific factual allegations or evidence describing accommodation efforts since August 2023." *Id.* at \*3. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review a district court's denial of a preliminary injunction for abuse of discretion." *A.H. by & through Hester v. French*, 985 F.3d 165, 175 (2d Cir. 2021). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3)

3

reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id.* (citation modified). "To obtain an injunction from a district court, movants generally bear the burden of showing that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225–26 (2d Cir. 2020) (*per curiam*).

The district court did not abuse its discretion by denying preliminary injunctive relief. Perez did not show that he would suffer irreparable harm absent preliminary relief. "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999)). "To satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (citation modified).

Here, as the district court reasoned, Perez's complaint—filed in April 2024—and the declaration he submitted in support of preliminary injunctive relief—filed in August 2024—concerned alleged events occurring between 2019 and August 2023. Although his

4

declaration generally asserted that his memorandum of law showed that he would continue to be denied reasonable accommodations absent preliminary injunctive relief, the district court was correct that the declaration contained no "specific factual allegations or evidence describing accommodation efforts since August 2023." *Perez*, 2025 WL 342837, at *3.

By contrast, the defendants submitted a declaration from a correctional counselor, stating that Perez had prescription eyeglasses, a magnifying glass in his cell, was permitted to keep a laptop in his cell, and had weekday access to a printer stored in the counselor's office. The counselor further stated that Perez had a long cane, was able to move around the facility without the assistance of others, and had a job washing tables.

On this record, the district court did not abuse its discretion in concluding that Perez failed to show that irreparable harm would occur absent preliminary injunctive relief. *See Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991) ("[A] mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction.").

Finally, in these circumstances, the district court was not required to hold an evidentiary hearing. "The existence of factual disputes necessitates an evidentiary hearing before a motion for a preliminary injunction may be decided." *Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003) (citation modified). Here, Perez's declaration did not sufficiently

5

describe his current access to accommodations to create a factual dispute regarding irreparable harm.

We have considered all of Perez's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court, entered on January 30, 2025.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court